UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND M. ABORDO,<br><br>Defendant. | Case No. 1:22-cr-000101-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Edmund M. Abordo's pro se motions to expedite reconsideration from prior ruling for grave constitutional errors (Dkt. 79) and to dismiss the indictment and reverse the conviction on constitutional errors that were overlooked (Dkt. 96). For the reasons described below, the Court will deny both motions.

# BACKGROUND

In November 2022, Mr. Abordo was indicted for wire fraud, aggravated identity theft and forgery of seals of courts. In short, the indictment alleged that Mr. Abordo forged a court order using the signature of a federal judge and the seal of the District Court of Hawaii in order to defraud his victim. Trial was set for

October 2023 and began on October 16th, however, on the second day of trial Mr. Abordo pled guilty to counts one and three of the indictment. Sentencing was then set for March 18, 2024.

On January 25, 2024, Mr. Abordo filed his first pro se motion claiming certain "smoking gun" evidence was not disclosed to him, that he lost faith in his counsel, and that the First Step Act applies to him. The Court set a briefing schedule and the government submitted a response opposing Mr. Abordo's motion. Mr. Abordo did not file a reply by the deadline. Instead, on March 11, 2024, a week before his sentencing, Mr. Abordo filed a second pro se motion to dismiss the indictment and reverse the conviction. The government has not yet filed a response to Mr. Abordo's second motion, however, given the government's response to Mr. Abordo's first motion and the similarity of the two motions, the Court finds it unnecessary to wait for the government's response to the second motion before issuing a decision.

Accordingly, the Court will first address Mr. Abordo's January 25th motion before turning to the motion filed on March 11th.

## ANALYSIS

### A. The January 25th Motion

Mr. Abordo's first motion covers three main topics—the so-called "smoking

gun evidence," his loss of faith in his counsel, and the applicability of the First Step Act. The Court will address each of Mr. Abordo's concerns in turn, beginning with the smoking gun evidence, then any potential ineffective assistance of counsel claim, and, finally, the First Step Act.

### 1. "Smoking Gun Evidence"

Mr. Abordo argues that evidence was not disclosed to him, it should not have been admitted, and if he had known about the evidence, he would have accepted the first plea deal offered to him. There are two fundamental problems with Mr. Abordo's argument. First, he does not identify what the "smoking gun" evidence is and, second, the smoking gun evidence does not appear to be exculpatory.

The government speculates that Mr. Abordo may be referencing an April 10, 2019 order which includes a signature block for United States District Judge Derrick K. Watson. This signature block appears identical to the signature block affixed on the forged order. The government, however, did not introduce this document into evidence or use it at trial. Mr. Abordo did not file any reply clarifying what evidence he is referring to in the motion. Absent clarification, it is impossible to say what evidence Mr. Abordo believes was not disclosed to him.

Mr. Abordo nonetheless alleges the government did not turn over evidence

MEMORANDUM DECISION AND ORDER - 3

in violation of *Brady v. Maryland*. To establish a *Brady* violation, Mr. Abordo must show: (1) the nondisclosed evidence is exculpatory or impeaching; (2) the evidence was suppressed by the government either willfully or inadvertently; and (3) prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Mr. Abordo cannot make this showing because the referenced evidence does not appear to be exculpatory, but inculpatory. He refers to the evidence as the "smoking gun" and states he would have accepted a deal earlier had he known about the evidence. These statements indicate that, whatever the smoking gun evidence is, it is not exculpatory. As such, no *Brady* violation occurred.

Similarly, Federal Rule of Criminal Procedure 16 entitles a defendant to materials "which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense." To the extent Mr. Abordo is requesting the production of this evidence now, he has not made the threshold materiality showing, particularly given that he has already pled guilty.

Finally, if Mr. Abordo's motion requests a new trial based on the discovery of new evidence, he is also not entitled to such relief. To prevail on a Rule 33 motion for a new trial, the defendant must show the evidence is newly discovered, the failure to discover the evidence sooner was not the result of the defendant's

lack of diligence, the evidence is material to issues at trial, the evidence is "neither cumulative nor merely impeaching," and the new trial "would probably result in acquittal." *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991). Mr. Abordo has not made this showing. For one, he has not identified the newly discovered evidence nor addressed whether the evidence could have been discovered earlier. Similarly, he has not demonstrated that the newly discovered evidence would be likely to result in acquittal. The existence of inculpatory, or smoking gun, evidence does not create a probability of acquittal, but the opposite. Accordingly, a new trial is not appropriate.

### 2. Ineffective Assistance of Counsel

Mr. Abordo states that he "has lost all confidence" in his counsel. *Motion* at 2, Dkt. 79. To the extent this is a request for new counsel, that concern is now moot as Mr. Abordo has new counsel. If, however, Mr. Abordo intends to seek other relief based on ineffective assistance of counsel, the Court will deny the motion. "To establish that his counsel rendered ineffective assistance, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002). Counsel's performance is deficient only if its "objectively unreasonable." *Id*. Mr. Abordo alleges his counsel failed to object to

the smoking gun evidence, failed to produce related evidence, and failed to show this evidence to the defendant. It is impossible to tell if any of counsel's actions were objectively unreasonable because the Court does not know what the smoking gun evidence is. As such, any relief based on ineffective assistance of counsel is denied.

### 3. First Step Act

Mr. Abordo states that defense counsel did not inform him about the First Step Act and proceeds to argue that it should apply to him. It is not clear which provisions of the Act he believes apply to him nor how his lack of knowledge about those provisions impacted his trial or plea. Mr. Abordo details his health problems and argues that he is qualified to participate in a pilot program that allows the Bureau of Prison to place certain elderly and terminally ill prisoners on home confinement. This argument concerns the imposition of Mr. Abordo's sentence which has not yet occurred and will take place on March 18, 2024. Accordingly, Mr. Abordo has not shown he is entitled to any relief and the Court will deny Mr. Abordo's January 25th motion.

### B. The March 11th Motion

Mr. Abordo's second motion requests the Court dismiss the indictment and reverse his conviction. He focuses on two alleged errors: The prosecution's failure

MEMORANDUM DECISION AND ORDER - 6

to turn over evidence and defense counsel's failure to effectively cross-examine the government's witness. First, the prosecution's alleged failure to turn over evidence in violation of *Brady v. Maryland* is addressed above. Mr. Abordo's second motion provides no additional information that would change that analysis. It neither identifies the alleged non-disclosed evidence nor explains how that evidence is exculpatory.[1] As such, the Court will not grant any relief on this basis.

Second, the allegations that his attorneys failed to effectively cross examine the government's witness is without merit. In *Davis v. Alaska* the Supreme Court held the trial court's decision to prevent defense counsel from inquiring into a key witness's bias and prejudice violated the defendant's right to effective cross-examination under the Confrontation Clause. 415 U.S. 308, 317 (1974). No such limitation was imposed here. The other cases cited by Mr. Abordo are similarly inapposite. In *Bagley v. Lumpkin*, the prosecution failed to turn over evidence that may have been used to impeach two important witnesses in violation of *Brady*. 719 F.2d 1642, 1464 (9th Cir. 1983). The failure to turn over "information that the

---

[1] Mr. Abordo briefly alleges the government "knowingly admitted false/perjured testimony from Rose Ali claiming $30,000 was paid by her motion." *March 11th Motion* at 3, Dkt. 96. In support of this claim he cites page 19 of the pre-sentence report, which appears irrelevant to Mr. Abordo's allegation. As such, the Court will not address this allegation further given it lacks any factual basis.

MEMORANDUM DECISION AND ORDER - 7

defendant could use to conduct an effective cross-examination" also implicated the defendant's confrontation rights. *Id.* In *United States v. Agurs*, the Supreme Court held that the prosecutor's failure to turn over a witness's arrest record did not deprive the defendant of a fair trial because the nondisclosure was not material. 427 U.S. 97, 114 (1976)

Mr. Abordo, however, has not even identified evidence that was not disclosed, nor has he established that a *Brady* violation occurred. The nearly 50 pages of trial transcript attached as Exhibit A do not provide any other basis to conclude that Mr. Abordo was denied the right to effectively cross examine the government's witness.[2] As such, Mr. Abordo's motion is denied.

## ORDER

**IT IS ORDERED that:**

1.  Defendant's Motion for Expedited Reconsideration from Prior Ruling for Grave Constitutional Errors (Dkt. 79) is **DENIED.**

2.  Defendant's Motion to Dismiss and Reverse the Conviction on

---

[2] Mr. Abordo also alleges that defense counsel was working with the prosecution to convict him. The only evidence he has submitted in support of this allegation is a news article from June 2020. *See* Def. Ex. B, at 96-2. The article includes an interview with Jacquie Esser, Mr. Abordo's trial counsel, who at the time was running for the Honolulu Prosecutor's office. *Id.* The Court finds this article irrelevant and will not address Mr. Abordo's allegations further.

Constitutional Errors that were Overlooked (Dkt. 96) is **DENIED.**

DATED: March 14, 2024

_____
B. Lynn Winmill
U.S. District Court Judge